IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES ANTONIO MOORE                                                            PETITIONER

VERSUS                                                    CIVIL ACTION NO. 5:06cv140DCB-MTP

CONSTANCE REESE, Warden FCI-Yazoo                                        RESPONDENT

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner James Antonio Moore, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, files this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On October 10, 2006, the petitioner was ordered to file a written response providing the court with detailed information regarding the criminal conviction and sentence that are the basis of this petition. On October 19, 2006, the petitioner filed his written response [4-1].

Petitioner's current incarceration is based on a conviction rendered by the United States District Court for the Southern District of Alabama on October 14, 1998. Petitioner was sentenced to serve his sentences, which are to run consecutively, in the custody of the Bureau of Prisons followed by five years supervised release. In his response [4-1], the petitioner states that he did not file a direct appeal concerning his conviction and sentence. However, he did file a motion to reconsider with the district court concerning the government's withdrawal of its motion to reduce his sentence. When the district court denied the petitioner's motion to reconsider, he filed a notice of appeal. The United States Court of Appeals for the Eleventh Circuit affirmed the district court's denial of the petitioner's motion for reconsideration. Moore v. United States,

No. 04-10576 (11th Cir. Aug. 4, 2005).

On October 4, 2005, the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which he states is untimely, with the District Court for the Southern District of Alabama. (Response p.2). The petitioner further states in his response [4-1] that the motion to vacate is still pending in the District Court for the Southern District of Alabama. According to the U.S. PACER Service, the petitioner filed a writ of mandamus on September 5, 2006, in the District Court for the Southern District of Alabama, United States v. Moore, CR 98-0076 (S.D. Ala. Nov. 2, 1998), indicating that he had filed his mandamus request with the United States Court of Appeals for the Eleventh Circuit relating to the district court's failure to decide the pending motion to vacate.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recently recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). This court does not have jurisdiction to address the constitutional issues presented by petitioner as they regard the actual validity of his sentence and

are the proper subject of his § 2255 motion which is presently pending before the District Court for the Southern District of Alabama. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000).  As such, this petition will be dismissed.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims.   Therefore, this petition shall be dismissed as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice**.**  See <u>Ojo v. Immigration and Naturalization Service</u>,106 F.3d 680, 683 (5th Cir.1997).

All pending motions are denied.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   26th   day of      October      , 2006.


                                                          s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE